UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GEORGE CARTIER,<br><br>Defendant. | NO. CR 18-180-RAJ<br><br>**ORDER OF COMMITMENT FOR EVALUATION OF DANGEROUSNESS** |

On September 28, 2018, following a hearing to determine the defendant's competence to stand trial, the Court entered an order finding by a preponderance of the evidence that the defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. ECF No. 25. The Court's Order was based on a September 18, 2018, Forensic Evaluation prepared by Forensic Psychologist Cynthia Low, Ph.D, the extensive records in this case, and the arguments of counsel for the parties.

The Court's order committed defendant to the custody of the Attorney General to be hospitalized at a suitable facility for treatment for a period not to exceed four months,

///

ORDER OF COMMITMENT - 1
U.S. v. CARTIER/CR18-180-RAJ

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OR 97204
(503) 727-1000

to determine whether there was a substantial probability that in the foreseeable future he would regain his competency pursuant to Title 18, United States Code, Section 4241(d).

The Attorney General hospitalized defendant at the Federal Medical Center, Butner, North Carolina. On March 6, 2019, the Court received an eight-page Forensic Evaluation prepared by Forensic Psychologist Allyson N. Wood, Psy. D. The report concludes that defendant continues to suffer from Schizoaffective Disorder. He is "acutely psychotic and maintains a paranoid, grandiose, and delusional belief system." According to Dr. Wood, given defendant's long-standing mental health history, his prognosis is poor. The staff at FMC Butner have opined that defendant's mental condition continues to render him not competent to proceed to trial. A psychiatrist concluded that involuntary medication was not likely to restore defendant's competency. In light of defendant's history and his current mental condition, the report concludes that the "probability of restoring competence in the foreseeable future is low." The Court has not received any evidence to rebut these conclusions.

Based on Dr. Wood's Forensic Report, as well as Dr. Low's report, defendant's history of mental illness, and the Court's direct observations of the defendant at the initial competency hearing on September 28, 2018, the Court makes the following FINDINGS:

    (a)    The Court finds by a preponderance of the evidence that Mr. Cartier continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense'

    (b)    The Court also finds, pursuant to 18 U.S.C. § 4241(d), that Mr. Cartier's mental condition has not so improved as to permit proceedings to go forward, and there is no substantial probability in the foreseeable future that Mr. Cartier will attain the capacity to permit proceedings to go forward; and

    (c)    The Court also finds that it is appropriate to determine whether Mr. Cariter is presently suffering from a mental disease or defect as a result of which his release

///

ORDER OF COMMITMENT - 2
U.S. v. CARTIER/CR18-180-RAJ

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OR 97204
(503) 727-1000

(d) would create a substantial risk of bodily injury to another person or serious damage to property of another.

Therefore, it is hereby ORDERED:

(a) that pursuant to 18 U.S.C. § 4246(a), the defendant will be committed to the custody of the Attorney General for the purpose of evaluating whether Mr. Cartier is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

(b) that, as set forth in 18 U.S.C. § 4247(b), such commitment shall not exceed 30 days from the date of this order, unless the director of the facility conducting the examination presents good cause for a 30-day extension necessary to observe and evaluate the defendant;

(c) that, upon completion of the examination of Mr. Cartier, the report of the examining psychologists or psychiatrists will be sent forthwith to this Court, with appropriate copies to defense counsel and counsel for the government; and

(d) that if the director of the facility to which Mr. Cartier has been admitted for evaluation issues a certificate as provided in 18 U.S.C. § 4246(a), the director will deliver a copy of such certificate forthwith directly to this Court, with appropriate copies to defense counsel and counsel for the government, which delivery is intended to be in addition to and not in lieu of the distribution and handling of any such certificate according to the procedures set forth in 18 U.S.C. § 4246(a).

SO ORDERED this 2nd day of April, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER OF COMMITMENT - 3
U.S. v. CARTIER/CR18-180-RAJ

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OR 97204
(503) 727-1000